AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  6:24-MJ-023-BU |
| | ) | |
| CHRISTOPHER LYNN DRISKILL | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___05/19/2017 to 07/29/2024___ in the county of ___Coleman___ in the ___Northern___ District of ___Texas___, the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| Title 18, United States Code, Section 2251(a) | Aiding and Abetting, Attempt, and Production of Child Pornography |

This criminal complaint is based on these facts:

See attached affidavit of FBI Agent Nathan Cobb, which is incorporated herein.

☑ Continued on the attached sheet.

Matthew L. Tusing, AUSA

_Complainant's signature_

Nathan Cobb, FBI Special Agent
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  ___November 26, 2024___

_Judge's signature_

City and state:  ___Abilene, Texas___

John R. Parker, United States Magistrate Judge
_Printed name and title_

## <u>AFFIDAVIT IN SUPPORT OF AN ARREST AND CRIMINAL COMPLAINT</u>

I, Nathan Cobb, being duly sworn, depose and state as follows:

## INTRODUCTION

1.     I am presently employed as a Special Agent of the Federal Bureau of Investigation (FBI) and am assigned to the Dallas Division, San Angelo Resident Agency in San Angelo, Texas. I have been employed as an FBI Special Agent for approximately three years. Prior to this, I was employed as a licensed peace officer in the state of Kentucky for approximately six years. I have completed a variety of training and gained a variety of experience in my approximately nine years as a law enforcement professional, which includes, but is not limited to, investigations involving the production of child sexual abuse material (CSAM).

2.     I am submitting this affidavit in support of an application for a criminal complaint for CHRISTOPHER LYNN DRISKILL, for violating Title 18, United States Code, Section 2251(a), Production of Child Pornography, under *Pinkerton v. United States*, 328 U.S. 640 (1946) liability,  Title 18, United States Code Section 2, Aiding and Abetting the Production of Child Pornography, and Conspiracy to Produce Child Pornography in violation of Title 18, United States Code, Section 2251(a).

3.     The facts set forth herein are based on my personal knowledge, training, and experience, as well as information provided by other law enforcement agents and witnesses. This affidavit is not intended to include every fact known to law enforcement but rather to establish probable cause to believe that CHRISTOPHER LYNN DRISKILL committed the offense charged.

## <u>TITLE 18 UNITED STATES CODE SECTION 2251(a)</u>
## <u>SEXUAL EXPLOITATION OF CHILDREN –</u>
## <u>PRODUCTION OF CHILD PORNOGRAPHY</u>

4.       Title 18, United States Code, Section 2251(a), prohibits employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in affecting such commerce or mailed, or that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or if such visual depiction has actually been transported or transmitted using any facility of interstate or foreign commerce or in or affecting interstate commerce or mailed. Section 2251(e) makes it a violation to conspire or attempt to commit this offense.

5.       For a defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

> *First*: That the defendant knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

> *Second*: That the sexually explicit conduct was created for the purpose of transmitting a live visual depiction of such conduct; and

> *Third*: That the defendant knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in affecting such commerce or mailed, or that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## PROBABLE CAUSE: INITIAL NOTIFICATION OF CSAM

6.      On July 29, 2024, a reliable foreign partner referred a series of child sexual abuse material (CSAM) to the Federal Bureau of Investigation (FBI) victim identification program. The CSAM material, files titled "DABBYTATTOO", was posted by an unknown user on the dark web on July 27, 2024,  and July 29, 2024.  The "dark web" or "dark net" is an overlay

network within the Internet that can only be accessed with specific software, configurations, or authorization. The "dark web" or "dark net" often uses anonymous proxy networks that mask or hide individual users' IP addresses or locations.

7.      The reliable foreign partner notified the FBI victim program because an unidentified child's face is seen in the video, as well as the face of at least one of three unknown adult male subjects (UNSUBs). The CSAM material consists of two videos depicting three unknown adult male subjects performing sexual acts on the unknown prepubescent male.

8.      In the first video, the three UNBSUBs are orally copulating and manually stimulating a prepubescent male's penis. UNSUB 1 is masturbating, while UNSUB 2 is orally copulating the prepubescent male, and UNSUB 3 is recording. UNSUB 1's face is fully visible in the video. UNSUB 1 has an unimpeded view of the electronic recording device.

9.      In the second video, UNSUB 1 is manually stimulating the prepubescent male's penis while UNSUB 2 is orally copulating UNSUB 1. The prepubescent male is manually stimulating UNSUB 3. UNSUB 1's face is fully visible in the video. UNSUB 1 has an unimpeded view of the electronic recording device.

10.     UNSUB 1 has distinct tattoos visible in the video, including:

- the word "DABBY" or "DADDY" on his right chest;

- the numbers "197x" on his left bicep;

- the words "CAST NO STONES" on his left forearm;

- and a Texas flag in the shape of a head on his right forearm.

11.     The FBI started an analysis using open-source imagery to locate a visually similar individual over the Internet.

## PROBABLE CAUSE: NOTIFICATION OF SEXUAL ASSAULT OF A MINOR

12.    On September 16, 2024, unbeknownst to the FBI at the time, a witness called the Coleman Police Department (CPD) in Coleman, Texas, to report a child molestation. Coleman, Texas, is in the Northern District of Texas.

13.    On September 16, 2024, a witness told CPD officers that in June of 2024 **CHRISTOPHER LYNN DRISKILL** confessed that **DRISKILL** had sexually assaulted a child in Coleman, Texas. **DRISKILL** and the witness had been in a dating relationship. They became intoxicated. **DRISKILL** told the witness that **DRISKILL** had been molested as a child and he liked it. **DRISKILL** stated that he had molested a child who ▮▮▮▮▮▮▮ in Coleman. **DRISKILL** stated that he had recordings of the molestation on **DRISKILL's** phone and laptop.

14.    CPD officers determined that **DRISKILL** lives with his parents at ▮▮▮▮ ▮▮▮▮, Coleman, Texas, ▮▮▮.

15.    On September 20, 2024, a state child forensic interviewer met with the child victim, ▮▮▮▮▮▮▮. The child did not make an outcry.

16.    On September 23, 2024, CPD officers went to **DRISKILL's** residence at ▮▮ ▮▮▮▮, Coleman, Texas, ▮▮▮. CPD officers advised **DRISKILL** of his *Miranda* rights. **DRISKILL** waived his *Miranda* rights and agreed to answer questions. **DRISKILL** admitted to living at the Coleman address since at least May of 2024. **DRISKILL** denied sexually abusing any child. **DRISKILL** told officers that he is no longer in a relationship with the witness and alleged that the witness was mad at him over the bad breakup.

17.    With no outcry and no additional evidence at the time, CPD closed their investigation.

18.    However, the interview with **DRISKILL** was recorded. The following images are still captures from the post-*Miranda* interview:













**PROBABLE CAUSE: FBI ANALYSIS IDENTIFIES UNSUB 1**

19.     Separately, the FBI utilized an open-source image repository to locate a visually similar individual on a public Instagram account.  The Instagram account titled "chrisdriskill" has the following user image posted:



20.     The FBI narrowed the investigation into suspect DRISKILL because the user image for the account is the same face and facial hair of UNSUB 1 in the CSAM videos:



21.     Agents identified a Twitter account for CHRISTOPHER DRISKILL, with the user name "@realDriskill".  In a Twitter post from May 19, 2017, DRISKILL displays a "Got my 2nd badass @CodyJinksMusic tattoo!!" The FBI narrowed the investigation into suspect DRISKILL because the tattoo is the same as the tattoo seen on the right forearm of UNSUB 1 in the CSAM videos.









22.      Further investigation, including records checks and interviews, revealed that

**DRISKILL** lived at ▮▮▮▮▮▮▮▮▮, Coleman, Texas▮▮▮▮  On November 18, 2024, the

FBI notified FBI Agents in San Angelo, Texas, that a user on Instagram and Twitter, who lives

in Coleman, Texas, is the likely UNSUB 1 perpetrator in the CSAM videos.

**PROBABLE CAUSE: FBI ON THE SCENE IN COLEMAN**

23.      On November 22, 2024, FBI Agents traveled to Coleman, Texas, and coordinated

with CPD.  Agents learned of the investigation into **DRISKILL** and allegations of child

molestation that were reported in September of 2024.  Agents noted that the CSAM videos were

discovered on the dark web in July of 2024, which postdates the date DRISKILL admitted the

molestation to the witness.

24.      One of the CPD officers told FBI Agents that the officer had known **DRISKILL**

for approximately 30 years.  Agents showed a series of screenshots and photographs of UNSUB

1's face. The officer positively identified **DRISKILL'S** drivers license photograph and a

screenshot from **DRISKILL'S** Instagram account.

25.     CPD provided FBI agents with the body camera footage from their September 2024 interview with **DRISKILL.**  Agents compared **DRISKILL** to UNSUB 1 in the CSAM video:

*Screenshot from CSAM Videos:*



*Screenshots from Recorded Interview:*



*Screenshot from CSAM Videos:*



*Screenshots from Recorded Interview:*



26.     Additionally, agents noted that UNSUB 1 has a unique indentation on the left side of his face.  While the body camera footage did not get close enough to DRISKILL to capture the unique indentation, a records check revealed an older license photo of **DRISKILL** that shows the same unique indentation.  Even though **DRISKILL** is much heavier in his license photo than he appears today, the indentation is visible:

*Screenshot from CSAM Videos:*



*Drivers License Photo:*



27.    Further open-source research identified that **DRISKILL's** date of birth is

██████ 1975, which matches the 1975 tattoo visible in the body camera video, as well as

partially visible in the CSAM.

28.    On November 22, 2024, agents conducted surveillance at ████████████

Coleman, Texas █████. While conducting surveillance, agents observed **DRISKILL** sitting on a

motorcycle in the driveway of ████████████, Coleman, Texas █████. The front of the

motorcycle was facing the street, and he was gripping the handlebars. He was wearing a long-

sleeve shirt, but the sleeves were rolled up to his elbows. Agents observed the Texas flag in the

shape of a head tattoo on his right forearm, visible in the CSAM video, and the "CAST NO

STONES" tattoo on his left forearm, also matching in the CSAM video.

### CONCLUSION

29.    Based on the facts set forth in this affidavit, I respectfully submit that there is

probable cause to believe that **DRISKILL** has committed violations of Title 18, United States

Code, Section 2251(a), Production of Child Pornography, under *Pinkerton v. United States*, 328

U.S. 640 (1946) liability,  Title 18, United States Code Section 2, Aiding and Abetting the

Production of Child Pornography, and Conspiracy to Produce Child Pornography in violation of

Title 18, United States Code, Section 2251(a).

30.    Therefore, I respectfully request that the Court issue an arrest warrant for

CHRISTOPHER LYNN **DRISKILL.**

NATHAN COBB
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this ___26th___ day of November 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE