IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 6:24-CR-0035-H |
| CHRISTOPHER LYNN DRISKILL | |

## FACTUAL RESUME

In support of Christopher Lynn Driskill's plea of guilty to the offenses in Counts One and Three of the Superseding Indictment, Driskill, the defendant, Victoria Lyn Eckman, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offenses alleged in Count One and Count Three of the Superseding Indictment, charging violations of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2(a), that is, Production of Child Pornography and Aiding and Abetting, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

*Second.*     That the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Third.*     That the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by

---

[1] Fifth Circuit Pattern Jury Instruction 2.85 (5th Cir. 2024).

**Christopher Lynn Driskill**
**Factual Resume—Page 1**

computer.

To find the defendant guilty under a theory of aiding and abetting, the government must prove, each of the following beyond a reasonable doubt:[2]

*First*: That the offense of Production of Child Pornography was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a

---

[2] Fifth Circuit Pattern Jury Instruction 2.04 (5th Cir. 2024).

**Christopher Lynn Driskill**
**Factual Resume—Page 2**

consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his aid may relate to only one of the crime's phases or elements.

## STIPULATED FACTS

1. Christopher Lynn Driskill (Driskill) admits and agrees that between a date unknown to the grand jury and on or about July 29, 2024, in the San Angelo Division of the Northern District of Texas, and elsewhere, he, the defendant, did attempt to, and did employ, use, persuade, induce, coerce or entice, or attempt to do so, "John Doe 1," a person under the age of eighteen years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as described below, knowing or having reason to know that such visual depiction would be transported or transmitted in interstate or foreign commerce, or which visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in and affecting interstate and foreign commerce, or which visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign

commerce by any means including by computer: A video approximately 12 seconds in duration of John Doe 1 with his penis exposed and an adult male orally copulating John Doe 1's penis while the defendant sits next to John Doe 1 masturbating himself. He did so in violation of Title 18, United States Code, Sections 2251(a) and 2(a).

2.  Driskill admits and agrees that between a date unknown to the grand jury and on or about November 27, 2024, in the San Angelo Division of the Northern District of Texas, and elsewhere, he, the defendant, did attempt to, and did, employ, use, persuade, induce, coerce or entice, or attempt to do so, "John Doe 2," a person under the age of eighteen years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as described below, knowing or having reason to know that such visual depiction would be transported or transmitted in interstate or foreign commerce, or which visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in and affecting interstate and foreign commerce, or which visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means including by computer: A video approximately two seconds in duration of John Doe 2 laying on a bed with his eyes closed. Defendant places his exposed penis close to John Doe 2's face. He did so in violation of Title 18, United States Code, Sections 2251(a) and 2(a).

3.  On July 29, 2024, a reliable foreign partner referred a series of child sexual abuse material (CSAM) to the Federal Bureau of Investigation (FBI) victim identification program. The CSAM material, files titled "DABBYTATTOO", were posted by an

unknown user on the dark web on July 27, 2024, and July 29, 2024. The "dark web" or "dark net" is an overlay network within the Internet that can only be accessed with specific software, configurations, or authorization. The "dark web" or "dark net" often uses anonymous proxy networks that mask or hide individual users' IP addresses or locations.

4. The reliable foreign partner notified the FBI victim program because an unidentified child's face is seen in the video, as well as the face of one of the adult male subjects visible in the video. The CSAM material consists of two videos depicting Driskill and two other adult male subjects performing sexual acts on the unknown prepubescent male.

5. In the first video, two adult males orally copulate and manually stimulate the prepubescent male's penis. Driskill sits next to the prepubescent male and masturbates himself while an adult male is orally copulating the prepubescent male, and another adult male is recording the video using an electronic recording device. Driskill's face is fully visible in the video. Driskill has an unimpeded view of the electronic recording device.

6. In the second video, Driskill manually stimulates the prepubescent male's penis while an adult male is orally copulating Driskill. The prepubescent male is manually stimulating another adult male. Driskill's face is fully visible in the video. Driskill has an unimpeded view of the electronic recording device.

7. In one of the videos, Driskill's distinct tattoos are visible, and includes the word "DABBY" or "DADDY" on his right chest, the numbers "1975" on his left bicep,

the words "CAST NO STONES" on his left forearm, and a Texas flag in the shape of a head on his right forearm.

8.  The FBI started an analysis using open-source imagery to locate a visually similar individual over the Internet. Agents discovered Driskill's Twitter Account, which showed an image of Driskill's face and another image of Driskill's right forearm bearing a tattoo of a Texas flag in the shape of a head.

9.  On September 16, 2024, unbeknownst to the FBI at the time, a witness called the Coleman Police Department (CPD) in Coleman, Texas, to report a child molestation. Coleman, Texas, is in the Northern District of Texas.

10. The witness told CPD officers that in June of 2024 Driskill confessed that Driskill had child pornography on his phone in Coleman, Texas. CPD officers determined that Driskill lived with his parents at a specific address in Coleman, Texas.

11. On September 23, 2024, CPD officers went to Driskill's residence in Coleman, Texas, 76834. CPD officers advised Driskill of his *Miranda* rights. Driskill waived his *Miranda* rights and agreed to answer questions. Driskill admitted to living at the Coleman address since at least May of 2024. The interview with Driskill was recorded. During the interview, Driskill wore a short sleeve shirt that exposed his bare arms. The tattoo on Driskill's left forearm is visible and includes the words "CAST NO STONES. The tattoo matches the tattoo visible in the dark web video. The tattoo on Driskill's right forearm includes a Texas flag in the shape of a head and matches the tattoo visible in the dark web video. The tattoo on Driskill's left bicep includes "1975" and matches the tattoo visible in the dark web video.

12. On November 26, 2024, FBI agents arrested Driskill in accordance with a federal arrest warrant. During in-processing of Driskill into custody, agents discovered that Driskill had a tattoo on his right chest that includes the word "DABBY" or "DADDY." In Driskill's pants pocket, agents discovered a white Apple iPhone with black case. Agents performed a search of Driskill's residence and discovered a Samsung Cellular telephone, IMEI: 3529455788058840, a Hewlitt Packard laptop computer, serial number CNU312BLGK, and an Oculus virtual reality headset.

13. On November 27, 2024, agents applied for and received a federal search warrant to search the content of Driskill's white Apple iPhone with black case. On the iPhone, agents discovered at least one of the DABBYTATTOO videos previously discovered on the dark web. Agents discovered thousands of images of child pornography. Agents discovered evidence the Driskill used a program called "Telegram" to send and receive images of child pornography.

14. Additionally, agents discovered a video of a known child victim, John Doe 2, who lives with his mother in Coleman, Texas. The video runs approximately two seconds in duration of John Doe 2 laying on a bed with his eyes closed. Defendant places his exposed penis close to John Doe 2's face in the video. Agents identified items in the video that match items discovered in Driskill's bedroom, include a unique purple lighting feature that illuminated the scene displayed in the video.

15. John Doe 1 and John Doe 2 are both minor male children.

16. Driskill admits that the offense of Production of Child Pornography was committed in Counts One and Three. Driskill admits that he associated himself with, and

purposefully participated in, the criminal venture in Count One by driving from Coleman, Texas, to the location of John Doe 1 and performing the actions described in Count One. Driskill admits that he associated himself with, and purposefully participated in, the criminal venture in Count Three by exposing his penis over John Doe 2's head and recording the actions described in Count Three using an electronic recording device.

17.     Driskill admits that he attempted to and did employ, use, persuade, induce, coerce, or entice, "John Doe 1," a person under the age of eighteen years, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. Driskill admits that that an electronic recording device was used to make a visual recording of John Doe 1 engaging in sexually explicit conduct. Driskill admits that the electronic recording device was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce. Driskill admits that the distribution of the visual depiction over the Internet shows he knew or had reason to know that such visual depiction would be transported or transmitted in interstate or foreign commerce, and which visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

18.     Driskill admits that he attempted to and did employ, use, persuade, induce, coerce, or entice, "John Doe 2," a person under the age of eighteen years, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. Driskill admits that that an electronic recording device was used to make a visual recording of John Doe 2 engaging in sexually explicit conduct. Driskill admits that the

electronic recording device was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

19. Driskill agrees that he committed all the essential elements of the offenses in Counts One and Three. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Driskill's guilty plea to Counts One and Three of the Superseding Indictment.

AGREED TO AND STIPULATED on this 24th day of January, 2025.

_____
CHRISTOPHER LYNN DRISKILL
Defendant

_____
VICTORIA LYN ECKMAN
Attorney for Defendant

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
MATTHEW L. TUSING
Assistant United States Attorney
Indiana State Bar No. 29526-49
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6700
E-mail: matt.tusing@usdoj.gov

Christopher Lynn Driskill
Factual Resume—Page 9