IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 6:24-CR-035-H |
| CHRISTOPHER LYNN DRISKILL (01) | |

**UNITED STATES' UNOPPOSED
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 2253(a), the United States of America moves the Court to enter a Preliminary Order of Forfeiture, and in support states:

1.  On January 15, 2025, the government charged Christopher Lynn Driskill in Count One and Three with Production of Child Pornography and Aiding and Abetting in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2(a). Superseding Indictment, Dkt. 24. The superseding indictment notified the defendant that upon conviction, the government would seek to forfeit the proceeds of the defendant's offense and property used or intended to be used to facilitate the defendant's crime under 18 U.S.C. § 2253(a). *Id.*

2.  The property to be forfeited included:

    a. Apple iPhone with black case,
    b. Samsung Cellular telephone, IMEI: 3529455788058840
    c. Hewlitt Packard laptop computer, serial number CNU312BLGK
    d. Oculus virtual reality headset ("Subject Property").

3.  On January 28, 2025, the defendant entered in a plea agreement with the government and agreed to forfeit the Subject Property (Dkt. 31). In a factual resume, the defendant admits that he knowingly produced and possessed child pornography on the

Subject Property. (Factual Resume 7, Dkt. 33). The defendant pleaded guilty to the offense. *See* Dkt. 36 (minute entry for plea hearing) and 37 (report and recommendation on guilty plea).

    4.    Under 18 U.S.C. § 2253(a), the defendant must forfeit to the United States (1) any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Under Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), if the Court determines that the government has made the required showing under the statute authorizing forfeiture, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

    5.    Based on the defendant's guilty plea, plea agreement, and factual resume, the government has established under 18 U.S.C. § 2253(a) that the defendant committed an offense for which forfeiture is authorized and has shown that the property has the requisite nexus with that offense. Accordingly, the property is subject to forfeiture to the United States.

    6.    Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in

identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

7.  In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). The accompanying order highlights the various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

8.  Therefore, the government asks the court to enter the enclosed preliminary order forfeiture. Additionally, the government requests as required by Fed. R. Crim. 32.2(b)(4)(B), that the Court orally announce the forfeiture at the defendant's sentencing and reference the forfeiture order in the judgment.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ Matthew L. Tusing*
MATTHEW L. TUSING
Assistant United States Attorney
Indiana Bar No. 29526-49
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6702
Fax: 806-271-6701
Email: Matt.Tusing@usdoj.gov

### CERTIFICATE OF CONFERENCE

As the defendant previously agreed to forfeit his interest in the property, there was no need for a conference with the defendant's counsel.

*/s/ Matthew L. Tusing*
Assistant United States Attorney